NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAD C. STUCK, | No. 20-35255 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05410-MLP |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted April 12, 2021[**]
San Francisco, California

Before: MURGUIA, R. NELSON, and HUNSAKER, Circuit Judges.

Claimant Tad Stuck appeals from the district court's decision affirming the

Commissioner's denial of his application for supplemental security income under

Title XVI of the Social Security Act. Stuck argues the Administrative Law Judge

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

(ALJ) erred in: (1) discounting his symptom and limitation testimony; (2) evaluating the medical evidence; and (3) concluding at step five that he could perform simple, light work and, therefore, was not disabled. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order affirming the denial of social security benefits de novo reversing only if the ALJ's decision was not supported by substantial evidence or contains legal error. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). We affirm.

1.      As a preliminary matter, Stuck argues that the ALJ erred by relying on statements and medical evidence that predated the application for social security benefits. We disagree. "The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ did not err here by considering Dr. Keith Kruegar's evaluation from 2014 because it did not predate the alleged onset of disability in 2008 and thus was not of limited relevance. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

2.      The ALJ did not err in rejecting Stuck's symptom testimony. If a claimant shows that an impairment "could reasonably be expected to produce the pain or other symptoms alleged," the ALJ may reject "testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations

and citations omitted). The ALJ provided clear and convincing reasons to discount Stuck's testimony. Specifically, the ALJ pointed to Stuck's statements that he could get a job but did not want one. Additionally, the medical evidence did not corroborate his claimed limitations, *see Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004), and his reported physical activities were inconsistent with his reported disability, *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded by regulation on other grounds*.

3. The ALJ did not err in assessing the medical evidence. "[I]f the treating doctor's opinion is contradicted by another doctor, the ALJ may discount the treating physician's opinion by giving specific and legitimate reasons that are supported by substantial evidence in the record." *Ford*, 950 F.3d at 1154 (internal quotation marks and citation omitted). The ALJ offered specific and legitimate reasons supported by substantial evidence to discount the opinions of Dr. Don Allison , Dr. Seyed Hejazi , Dr. Quoc Ho , and Dr. Alexander Patterson.

First, the ALJ noted that Dr. Allison's 2014 opinion was rendered during an exacerbation of Stuck's symptoms after strenuous activity. Therefore, the ALJ reasonably concluded that the opinion was not indicative of long-term functionality. *Carmickle*, 533 F.3d at 1165 (explaining that an ALJ may reject a medical opinion if she reasonably finds it does not satisfy the durational requirement).

Second, substantial evidence supports the ALJ's conclusion that Dr. Hejazi's

3

clinical findings were insufficient to support his opinion. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

Third, the ALJ's conclusion that Dr. Ho's opinion was inconsistent with his unremarkable clinical findings and with the medical record as a whole is supported by substantial and competent evidence.

Fourth, the ALJ did not err in rejecting Dr. Patterson's opinion. The ALJ discounted Dr. Patterson largely because his conclusions conflicted with Dr. Krueger's conclusions, and the ALJ found that Dr. Krueger's conclusions were a better representation of the medical record as a whole and that Stuck provided Dr. Krueger with more detailed information. These conclusions are supported by substantial evidence.

Finally, Stuck also argues the ALJ gave too much weight to several non-examining doctors' opinions. The ALJ did not err in relying on these opinions which were consistent with other evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

4.    We also conclude the ALJ did not err in determining Stuck's residual functional capacity (RFC). We will affirm the ALJ's RFC determination where the ALJ applied the proper standard and the decision is supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In assessing Stuck's RFC, the ALJ considered only those limitations that the record supported,

4

which is appropriate. *Id.* (explaining that an ALJ does not err by excluding limitations from properly discounted medical evidence or subjective complaints that the ALJ reasonably found unreliable). Moreover, substantial evidence supports the ALJ's determination.

**AFFIRMED.**